[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
ON DEFENDANT'S MOTION FOR MODIFICATION PENDENTE LITE DATED JULY 31, 2000 NO. 126
On December 13, 1999, the defendant (husband) was ordered to pay the plaintiff (wife) temporary child support of $279 for their two minor children, Steven, age 12 and Kevin, age 5, in accordance with the child support guidelines, $88 in child support arrearage, and temporary alimony of $165, for a total order of $532.80 (Axelrod, J.).
In his motion, the defendant seeks the child support order to be reduced to comply with the current guidelines and reduced or terminate the alimony order claiming the plaintiff (wife) has substantially increased her income because she is renting part of the marital residence to a tenant-boarder.
The defendant has been paying $300 a week in child support for three minor children since 1993 from a prior marriage (Stodolink, J.). Two of these three children reached their majority over the past seven years, and a third minor child, Anthony Guido, will reach his majority on January 8, 2001, or approximately two months from now when that order will terminate. Furthermore, the former wife, a Ms. Link, testified, and from her testimony, the court finds the defendant to owe a child support arrearage of two months, or $2600. The defendant cannot deduct the $300 child support order from his income when he is $2600 in arrears. The defendant also could have but did not move to modify this $300 order. He testified he paid it voluntarily after the two children reached their majority to help them pay their college expenses. Court orders must be complied with until they are modified by a court. Connecticut NationalBank v. Investors Capital Corp., 29 Conn. App. 48, 56 (1992).
The defendant also argued that the $165 weekly alimony order should be reduced or terminated because the plaintiff's weekly income increased $100 a week for rent paid by a tenant-boarder since July, 2000. He argued that this $100 a week rent was less than fair market value for this apartment. He also believes the plaintiff has a romantic relationship with CT Page 13554 the tenant which was the reason for the low rent.
The plaintiff is totally disabled and her only weekly income is $261 from social security disability. The additional rent of $100 a week is not a substantial change in her financial circumstances. Furthermore, the defendant's weekly income also increased about $100 a week to $1461.
From all the testimony and the exhibits in evidence, the court finds no substantial change in the financial circumstance of either party. Therefore, Judge Axelrod's orders of December 13, 1999, totaling $532.80, shall stand.
Child support and alimony orders pendente lite may not be modified unless there has been a substantial change in circumstances. Dooley v. Dooley,32 Conn. App. 863 (1993).
Petroni, J.T.R.